STATE of Wisconsin EX REL. Robert MACEMON, Petitioner-Appellant, †

v.

William MCREYNOLDS, Sheriff of Racine County, and Jessica Christie, State Probation & Parole Agent, Respondents-Respondents.

Court of Appeals

*No. 96–0064. Submitted on briefs January 21, 1997.—Decided February 12, 1997.*

(Also reported in 561 N.W.2d 779.)

†Petition to review denied.

On behalf of the petitioner-appellant, the cause was submitted on the briefs of Robert Macemon, *pro se*.

On behalf of the respondents-respondents, the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Pamela Magee*, assistant attorney general.

Before Snyder, P.J., Brown and Anderson, JJ.

BROWN, J. The primary issue in this case is whether the Department of Corrections may require an inmate eligible for mandatory release to wear an electronic monitoring bracelet as a condition of parole. We conclude that the department may place such a restriction on a mandatory release parolee.

Robert Macemon claims that the department is unlawfully detaining him beyond his scheduled mandatory release date. The department issued an order to hold Macemon in custody because he refused to wear a monitoring bracelet and refused to participate in postconfinement sex offender treatment. Although Macemon challenged the department's decision to hold him by filing a petition for writ of habeas corpus, the circuit court denied relief after finding that the department had the authority to impose these two conditions and that these conditions were "reasonable."

Macemon now renews his challenge to the department's order. We will treat his challenge as a claim for common law certiorari review of a decision to revoke parole.[1] We owe no deference to the circuit court's ruling as we directly review the department's decision. *See Gordie Boucher Lincoln-Mercury v. City of Madison*, 178 Wis. 2d 74, 84, 503 N.W.2d 265, 267 (Ct. App. 1993). We nonetheless owe deference to the department's decision and we are limited to the following four inquiries: (1) whether the department kept to its jurisdiction, (2) whether it acted according to law, (3) whether its action was arbitrary and (4) whether the evidence provides reasonable support for the decision. *See State ex rel. Eckmann v. DHSS*, 114 Wis. 2d 35, 42, 337 N.W.2d 840, 843 (Ct. App. 1983).

With these standards in hand, we now return to the primary issue of whether the department acted within the law when it required Macemon to wear a monitoring bracelet as a condition of his mandatory release parole.

Macemon contends that the department had no authority to do so. He points to situations in which the legislature expressly mandated that the department use electronic monitoring, namely, for individuals in community residential confinement and in the intensive sanctions program. *See* §§ 301.046(5) and 301.048(3)(a)3, STATS. Macemon then argues that the apparent legislative silence with respect to individuals slated for mandatory release parole means that the .

---

[1] Although a challenge to a Department of Corrections' decision should be raised through a petition for a writ of certiorari, rather than a petition for a writ of habeas corpus, we will liberally construe Macemon's pro se claim. *See bin-Rilla v. Israel*, 113 Wis. 2d 514, 522-23, 335 N.W.2d 384, 388-89 (1983).

department's power to use electronic monitoring is limited to only the two above situations.

But while Macemon may read these two statutes correctly, his analysis ignores other pertinent rules. The statute establishing the mandatory release of certain individuals plainly describes how an inmate set for such parole "is subject to all conditions and rules of parole . . . ." *See* § 302.11(6), STATS. And when we turn to the administrative rules which set out the "rules of parole," we see that they authorize the use of electronic monitoring for mandatory release parolees such as Macemon.

This analysis begins with WIS. ADM. CODE § DOC 328.02, which establishes that the rules relating to "Adult Field Supervision" apply to parolees designated for mandatory release. We then turn to § DOC 328.04(2)(d), which grants the parole agent the power to impose rules "supplemental" to any imposed by a court or the parole commission.

The administrative rules, moreover, have a provision specifically aimed at how a parolee should be monitored. *See* § DOC 328.04(4). Although this provision defines "3 levels of supervision," none of which include electronic monitoring, this provision nonetheless reserves for the department the authority to modify these levels. *See id.* We thus see that the department and, in turn, its agents, have substantial discretionary authority to develop rules and conditions of parole.

■

Finally, we see that the department has exercised this power and has authorized its agents to insist that mandatory release parolees submit to electronic monitoring. The manual governing agents contains a section that states:

### ELECTRONIC SURVEILLANCE (For Mandatory Release Cases)

Electronic surveillance devices may be used with parole or MR cases if such equipment is available.

*Agent Manual*, State of Wisconsin, Department of Corrections, Division of Probation and Parole § 3.02.08 (Mar. 1, 1995). Thus, while the legislature specifically requires the electronic monitoring of persons in certain programs, it has not prevented the department from using this correctional tool for other legitimate reasons. We hold that the department has the authority to require that Macemon submit to electronic monitoring.

We now turn to the second of Macemon's allegations, that the department did not have sufficient evidence to impose this condition on him, nor did the department have evidence to require that he participate in sex offender treatment.

Although Macemon previously was incarcerated for a sexual crime—first-degree sexual assault—he successfully participated in a treatment program. The written assessment indicated that he "achieved optimal results" and further recommended that he not receive further counseling. Moreover, an internal memo of the department revealed that Macemon did not meet the criteria for postprison civil commitment and treatment as a sexual predator. *See* ch. 980, STATS. Macemon thus argues that the department's decision to make him wear a bracelet and participate in sex offender counseling as conditions of his mandatory release flies in the face of the department's earlier "findings" that he had successfully completed treatment and was not such a threat to public safety to

warrant additional confinement and treatment under ch. 980.

However, our certiorari review is limited to whether the department's decision is reasonably supported by the evidence. *See Eckmann*, 114 Wis. 2d at 42, 337 N.W.2d at 843. In light of Macemon's previous sexual assault conviction and the fact that he will be under significantly less supervision while he is on mandatory release, we conclude that the department's decision to impose these two conditions on Macemon's parole is reasonably supported by the evidence.

*By the Court.*—Order affirmed.