STATE of Wisconsin, Plaintiff-Respondent,

v.

John R. BRUNETTE, Defendant-Appellant.

Court of Appeals

*No. 96–2351–CR. Submitted on briefs May 9, 1997.—Decided June 12, 1997.*

(Also reported in 567 N.W.2d 647.)

 

On behalf of the defendant-appellant, the cause was submitted on the motion of *Jack C. Hoag* of *Sedor & Hoag* of Janesville.

On behalf of the plaintiff-respondent, the cause was submitted on the motion of *Mary E. Burke,* assistant attorney general with *James E. Doyle,* attorney general.

Before Dykman, P.J., Vergeront and Deininger, JJ.

PER CURIAM. John R. Brunette appeals from a commitment order. The issue is whether a person who is committed under ch. 980, STATS., has 120 days to file a notice of appeal under § 808.04(5), STATS. We conclude that the plain language of § 808.04(5) limits its application to those persons who are "imprisoned . . . on a criminal sentence," and does not apply to those who are committed under ch. 980. Therefore, we dismiss this appeal because it was untimely filed.

On April 17, 1996, the circuit court committed Brunette to the custody of the Department of Health and Social Services because it determined that he was a sexually violent person, as defined in § 980.01(7), STATS. On August 13, 1996, while committed under ch. 980, Brunette filed a notice of appeal from the April 17, 1996 commitment order.

The time for filing a notice of appeal from a final judgment or order is governed by § 808.04, STATS. Most civil appeals are governed by § 808.04(1), which affords

140

an aggrieved party forty-five or ninety days from the date of entry of the final judgment or order to file a notice of appeal. Chapter 980, STATS., does not establish a unique deadline for appealing from a commitment order. We *sua sponte* directed the parties to address whether Brunette's appeal was timely filed.[1]

Section 808.04(5), STATS., provides that, "[a] person imprisoned or in the intensive sanctions program on a criminal sentence against whom a civil final judgment or order is rendered has 120 days in which to appeal the civil judgment or order." We construe a statute by first examining its plain language. *State v. Vennemann,* 180 Wis. 2d 81, 93, 508 N.W.2d 404, 409 (1993). If the statutory language is clear and unambiguous, we are prohibited from looking beyond the statutory language to ascertain its meaning. *In re Paternity of LaChelle A.C.,* 180 Wis. 2d 708, 713, 510 N.W.2d 718, 720 (Ct. App. 1993).

Appellant contends that because he was imprisoned, the longer deadline of § 808.04(5), STATS., applies. However, proceedings under ch. 980, STATS., are civil, not criminal. *See State v. Carpenter,* 197 Wis. 2d 252, 258, 271–72, 541 N.W.2d 105, 107, 112–13 (1995), *petition for cert. filed,* No. 95–8131 (U.S. Dec. 8, 1995). Consequently, Brunette's commitment under ch. 980 is a civil commitment, not a criminal imprisonment. *See id.* The plain language of § 808.04(5) does not include a person who is civilly committed under ch. 980, because

---

[1] Courts are obliged "to inquire into their jurisdiction over an action, even if neither party raises the question." *State ex rel. Teaching Assistants Ass'n v. University of Wisconsin-Madison,* 96 Wis. 2d 492, 495, 292 N.W.2d 657, 659 (Ct. App. 1980) (footnote omitted); *see* WIS. CT. APP. IOP IV-A (June 13, 1994).

that person is not "imprisoned or in the intensive sanctions program on a criminal sentence." *See* § 808.04(5). Brunette claims that the policy underlying the extended appeal time in § 808.04(5) is to afford those persons who are in custody additional time to pursue an appeal because it is more difficult and time-consuming for them to communicate with counsel. He contends that this policy similarly applies to a person who has been involuntarily committed under ch. 980. Because the plain language of the statute is clear and unambiguous, we are precluded from analyzing policy considerations. *See La Crosse Lutheran Hosp. v. La Crosse County,* 133 Wis. 2d 335, 338, 395 N.W.2d 612, 613 (Ct. App. 1986). Consequently, an appeal from an order under ch. 980 is governed by the forty-five/ninety day rule of § 808.04(1).

Because Brunette's notice of appeal was filed 118 days after entry of the civil commitment order, we conclude that it was not timely filed. *See* § 808.04(1), STATS. Failure to timely file a notice of appeal from a final judgment or order in a civil case deprives this court of jurisdiction. *See* RULE 809.10(1)(b), STATS.; *La Crosse Trust Co. v. Bluske,* 99 Wis. 2d 427, 428, 299 N.W.2d 302, 303 (Ct. App. 1980).[2] Consequently, we are compelled to dismiss this appeal.

*By the Court.*—Appeal dismissed.

■■■■■■■

[2] We are not empowered to extend the time limit for filing a notice of appeal from a final judgment or order in a civil matter. *See* RULE 809.82(2)(b), STATS.