STATE of Wisconsin EX REL. Robert MACEMON, Petitioner-Appellant,

v.

Jessica CHRISTIE, Department of Corrections, Lawrence Mahoney, Hearing Magistrate, and David Schwartz, Division of Hearings and Appeals, Respondents-Respondents.

Court of Appeals

*No. 97–0660. Submitted on briefs December 19, 1997.—Decided January 28, 1998.*

(Also reported in 576 N.W.2d 84.)

On behalf of the petitioner-appellant, the cause was submitted on the briefs of *Robert J. Macemon, pro se.*

On behalf of the respondents-respondents, the cause was submitted on the brief of *James E. Doyle,* attorney general, and *Pamela Magee,* assistant attorney general.

Before Snyder, P.J., Nettesheim and Anderson, JJ.

SNYDER, P.J.   Robert Macemon appeals from a circuit court order denying his writ of certiorari which challenged his parole revocation. In the writ, Macemon challenged the authority of the Department of Corrections (DOC) to require him to wear an electronic monitoring device, and brought several additional challenges to the procedure employed in the parole revocation process.  This is his second challenge to his revocation; the first petition, which he denominated a

petition for a writ of habeas corpus, was denied by the circuit court. This court construed the first petition as a writ of certiorari and affirmed the action of the DOC in a published decision, *State ex rel. Macemon v. McReynolds*, 208 Wis. 2d 594, 561 N.W.2d 779 (Ct. App. 1997).

The facts of this case and the basis for the revocation of Macemon's parole are laid out in *State ex rel. Macemon* and will not be repeated here. For purposes of this appeal, it is sufficient to note that while that action was proceeding through the appellate process, Macemon filed a separate petition in the circuit court requesting certiorari review. The circuit court's denial of issues raised in that petition underpins the instant appeal. Although this second petition relies on several additional bases to challenge his parole revocation, the essence of the writ is identical to Macemon's original challenge to the validity of the DOC's action.[1] Because we conclude that Macemon is precluded from this successive litigation of his parole revocation, we affirm the circuit court.

■■■■■■

Review of a DOC action to revoke an individual's parole or probation is by certiorari. *See* § 801.50(5), STATS. Certiorari review requires the reviewing court to defer to the DOC's determinations and to limit the scope of its review to the following questions: (1) whether the division kept within its jurisdiction; (2) whether it acted according to law; (3) whether its

---

[1] We note that Macemon argues that although he provided the circuit court with eighteen claims, the court "made an arbitrary and capricious 'decision' on three (3) of them and overlooked the other fifteen." Having read Macemon's "Motion in Opposition," it is apparent that the court displayed commendable effort in elucidating the three arguments it addressed.

actions were arbitrary, oppressive or unreasonable; and (4) whether the evidence permitted the division to reasonably make the order or determination in question. *See Von Arx v. Schwarz,* 185 Wis. 2d 645, 655, 517 N.W.2d 540, 544 (Ct. App. 1994). Although our review as an appellate court is de novo, it too is limited to whether there is substantial evidence to support the DOC's decision. *See Van Ermen v. DHSS,* 84 Wis. 2d 57, 64, 267 N.W.2d 17, 20 (1978).

The circuit court carefully reviewed Macemon's writ of certiorari and identified three new claims which were not previously raised: (1) Macemon's claim that he was not previously afforded a preliminary hearing; (2) a claim that he should have been released on mandatory parole because he was entitled to it by statute; and (3) an argument that he should not have been revoked because he did not violate a condition of parole. Although these claims were not raised in his previous challenge to the revocation, they are not "new" arguments that could not have been raised earlier. We will discuss each in summary fashion.

As to the claim that he had not been afforded a preliminary hearing, the record indicates that such a hearing occurred. In fact, in the petition which initiated these proceedings, Macemon himself states, "The Preliminary Hearing **WAS HELD** and dated for the very next day, 11–7–1995 at 3:00 pm in the Racine County Jail . . . ." Macemon's parole agent also testified that a preliminary hearing had been held, at which time probable cause was found to hold Macemon in custody pending a final revocation hearing. There is no support in the record for this first challenge.

Second, Macemon claims that he was denied the mandatory release to which he is entitled by statute. In *State ex rel. Macemon,* 208 Wis. 2d at 596, 561 N.W.2d

at 780, this court determined that Macemon's parole was *revoked,* not denied. Therefore, there is no factual basis for this claim.[2] Finally, Macemon argues that his revocation was "arbitrary and capricious" because he was revoked without having violated any conditions of his parole. This argument is grounded in his claim that he was never released on parole in the first place. *See supra* note 1. The analysis above defeats this final claim.

■

Nonetheless, apart from our summary consideration of Macemon's claims in this second challenge to his parole revocation, we conclude that there is another, more basic, reason to affirm the circuit court. As noted above, none of the arguments are new; each could have been raised in the original petition. Furthermore, Macemon has failed to allege any reason why they could not have been raised in his earlier motion.

In *State v. Escalona-Naranjo,* 185 Wis. 2d 168, 517 N.W.2d 157 (1994), the supreme court considered the issue of whether a defendant is prohibited from raising a constitutional claim in a postconviction motion under § 974.06, STATS., if such a claim could have been raised in a previously filed § 974.02, STATS., motion and/or on

---

[2] Macemon also argues that "release" never took place because he "has **not been out of prison clothes** . . . was handcuffed and leg shackled . . . [and] in continuous confinement without Release." While it is true that Macemon has never made it "out onto the streets," his release from prison was processed. However, because he refused to wear a monitoring bracelet and to participate in postconfinement sex offender treatment, *see State ex rel. Macemon v. McReynolds,* 208 Wis. 2d 594, 595, 561 N.W.2d 779, 780 (Ct. App. 1997), he was immediately taken into custody for failing to abide by the conditions of parole and taken to the Racine County Jail.

direct appeal. *See Escalona-Naranjo,* 185 Wis. 2d at 173, 517 N.W.2d at 158–59. The court concluded that a prisoner was compelled by § 974.06 to raise all grounds for postconviction relief in an original motion and that "[s]uccessive motions and appeals, which all could have been brought at the same time, run counter to the design and purpose of the legislation." *Escalona-Naranjo,* 185 Wis. 2d at 185, 517 N.W.2d at 164.

The question presented by the instant case is whether the bar of *Escalona-Naranjo* should be extended to appeals by writ of certiorari from parole and probation revocation hearings.[3] As enunciated by the Supreme Court in *Morrissey v. Brewer,* 408 U.S. 471, 487–88 (1972), a revoked parolee is guaranteed one full and fair hearing which "must lead to a final evaluation of any contested relevant facts and consideration of whether the facts as determined warrant revocation."[4] *Id.* at 488. Additionally, a right of appeal to the court of appeals is guaranteed by the constitution of the State of Wisconsin. *See State v. Perry,* 136 Wis. 2d 92, 98, 401 N.W.2d 748, 751 (1987). A thread runs through our entire jurisprudence that not only is an appeal guaranteed, but it should be a meaningful one. *See id.* at 99, 401 N.W.2d at 751.

---

[3] Although the substance of this appeal concerns only a parole revocation, because the review process for both probation and parole revocation is identical, we extend our holding to apply to both.

[4] It is also important to note that a person convicted of a crime has no legal entitlement to parole or probation; both are systems of "grace" or "favor" whereby an inmate may be released or may be permitted to serve a portion of a sentence under fewer restrictions than if he or she were imprisoned. *See State v. Borrell,* 167 Wis. 2d 749, 764, 482 N.W.2d 883, 888 (1992).

However, there is no requirement in our system of jurisprudence that a defendant be permitted to file successive appeals from the same action. The supreme court recognized the potential for abuse in an appellate system which permits criminal defendants not only a timely appeal from a judgment of conviction, but an opportunity to later bring an appeal after the time for a direct appeal has expired. *See* § 974.06(1), STATS. The supreme court enunciated a construct of the statutory system governing criminal appeals that "compels a prisoner to raise all grounds regarding postconviction relief in his or her original, supplemental or amended motion. Successive motions and appeals, which all could have been brought at the same time, run counter to the design and purpose of the legislation." *Escalona-Naranjo,* 185 Wis. 2d at 185, 517 N.W.2d at 163–64.

Because *Escalona-Naranjo* determined that due process for a convicted defendant permits him or her a single appeal of that conviction and a single opportunity to raise claims of error, it logically follows that to permit a revoked parolee or probationer the same opportunity to contest a revocation comports with due process. An aggrieved defendant should raise all claims of which he or she is aware in the original writ of certiorari proceeding; those claims can then be reviewed by the circuit court and, if desired, by the appellate court. Successive, and often reformulated, claims clog the court system and waste judicial resources.

We also adopt the exceptions allowed by *Escalona-Naranjo.* Thus, if a defendant can offer a sufficient reason for the failure to raise an issue of constitutional dimension, or can offer a sufficient basis for a claim that an issue was inadequately argued at the time of the original writ of certiorari proceeding, the action

may proceed. *See Escalona-Naranjo,* 185 Wis. 2d at 185, 517 N.W.2d at 164. However, successive writs "run counter to the design and purpose" of the statutorily mandated review process and are therefore barred. *See id.*

*By the Court.*—Order affirmed.