In re the Commitment of Thomas H. Bush:

State of Wisconsin, Petitioner-Respondent,

v.

Thomas H. Bush, Respondent-Appellant.†

Court of Appeals

*No. 03–2306. Submitted on briefs August 24, 2004.—Decided September 28, 2004.*

2004 WI App 193

(Also reported in 688 N.W.2d 752.)

† Petition to review granted 12-15-2004.

On behalf of the respondent-appellant, the cause was submitted on the briefs of *Robert G. LeBell*, Milwaukee.

On behalf of the petitioner-respondent, the cause was submitted on the brief of *Peggy A. Lautenschlager*, attorney general, and *Sally L. Wellman*, assistant attorney general.

Before Cane, C.J., Hoover, P.J., and Wedemeyer, J.

¶ 1. HOOVER, P.J.   Thomas Bush appeals an order denying two pretrial motions challenging the constitutionality of Wis. Stat. ch. 980.[1] We conclude Bush is procedurally barred from raising these challenges and therefore affirm the order.

---

[1] All references to the Wisconsin Statutes are to the 2001–02 version unless otherwise noted. In addition, all further references to Wis. Stat. ch. 980 will be noted as "ch. 980" without denoting "Wisconsin Statutes."

¶ 2.  In June 1988, Bush was convicted of entering a nursing home and attempting to sexually assault an elderly patient. In 1992, he was released from prison and allowed to leave Wisconsin for a sex offender program in Georgia. While there, he was charged with operating a motor vehicle while intoxicated. He was acquitted on that charge but was returned to Wisconsin. His parole was revoked and he was sent back to prison.

¶ 3.  In March 1997, the State filed a ch. 980 commitment petition alleging Bush was still sexually violent. Following trial, a jury agreed and Bush was committed. He appealed and this court reversed because of a prejudicial jury instruction.

¶ 4.  Bush was retried in 2000 and the jury returned the same result. Bush appealed again and we affirmed in all respects except for an issue regarding a ninety-day filing requirement imposed upon the State. On remand, the circuit court heard evidence and determined that the State had complied with the filing deadline.

¶ 5.  Meanwhile, Bush filed a petition for release pursuant to Wis. Stat. § 980.09(2) in August 2002. In pretrial motions to the court, he claimed ch. 980: (1) denies him due process and equal protection because it "fails to require a finding that there are no less restrictive alternatives to confinement throughout the proceedings," and (2) denies him due process because it "fails to require proof of a recent overt act."

¶ 6.  The court denied the pretrial motions. A jury determined Bush was still sexually violent and his petition for discharge was therefore denied. Bush renewed his constitutional challenges in a postverdict

motion that the circuit court also denied. Bush appeals.[2]

¶ 7. Bush raises no claim of error regarding the actual trial on his discharge petition. Instead, he assails the constitutionality of the statutes underlying his initial commitment. The State contends that while Bush is entitled to a review for error relating to the petition, he should not be allowed to collaterally attack the underlying commitment when he could have and should have made a challenge in his two prior appeals. We agree with the State.

¶ 8. We start our discussion with *State v. Escalona-Naranjo*, 185 Wis. 2d 168, 517 N.W.2d 157 (1994). *Escalona-Naranjo* discusses criminal postconviction proceedings. Nevertheless, its reasoning for why all constitutional challenges should be raised in a first appeal is persuasive and, ultimately, we deem it useful here.

██

¶ 9. In *Escalona-Naranjo*, the supreme court examined WIS. STAT. § 974.06. A § 974.06 motion does not permit an attack on the initial factual predicate for the conviction; that is, on the event leading to the defendant's status as a convicted criminal. Instead, § 974.06(1) allows a prisoner in custody to claim

> the right to be released upon the ground that the sentence was imposed in violation of the U.S. constitution or the constitution or laws of this state, that the

---

[2] The notice of appeal says that Bush is appealing: (1) denial of the pretrial motions; (2) the actual verdict; and (3) denial of his postverdict motions. However, Bush only briefed arguments relating to the pretrial motions and we confine our review accordingly. *See Reiman Assocs. Inc. v. R/A Adver., Inc.*, 102 Wis. 2d 305, 306 n.1, 306 N.W.2d 292 (Ct. App. 1981) (issues not briefed deemed abandoned).

court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack . . . .

¶ 10. Specifically, the statute is narrowed by WIS. STAT. § 974.06(4), which states in part, "All grounds for relief available to a person under this section must be raised in his or her original, supplemental or amended motion." The supreme court therefore concluded that § 974.06 could not be used to review issues which were or could have been litigated on prior direct appeal or other applicable postconviction proceeding. *See Escalona-Naranjo*, 185 Wis. 2d at 173.

¶ 11. In reaching this conclusion, the court explained:

We need finality in our litigation.

. . . .

Section 974.06(4) was not designed so that a defendant, upon conviction, could raise some constitutional issues on appeal and strategically wait to raise other constitutional issues a few years later. Rather, the defendant should raise the constitutional issues of which he or she is aware as part of the original postconviction proceedings.

*Id.* at 185–86. This statutory remedy is, however, still available if there is a sufficient explanation for why the challenge "was not asserted or was inadequately raised." WIS. STAT. § 974.06(4). In addition, a § 974.06 motion is considered civil in nature, although it is part of the original criminal action. *See* WIS. STAT. § 974.06(6).

¶ 12. *Escalona-Naranjo* was later extended to appeals by writ of certiorari from parole and probation revocations. *State ex rel. Macemon v. Christie*, 216 Wis.

2d 337, 342, 576 N.W.2d 84 (Ct. App. 1998). Writs of certiorari are also civil in nature. *State ex rel. Cramer v. Court of Appeals*, 2000 WI 86, ¶ 48, 236 Wis. 2d 473, 613 N.W.2d 591. The *Macemon* court wrote:

> A thread runs through our entire jurisprudence that not only is an appeal guaranteed, but it should be a meaningful one.
>
> . . . .
>
> However, there is no requirement in our system of jurisprudence that a defendant be permitted to file successive appeals from the same action.
>
> . . . .
>
> Because *Escalona-Naranjo* determined that due process for a convicted defendant permits him or her a single appeal of that conviction and a single opportunity to raise claims of error, it logically follows that to permit a revoked parolee or probationer the same opportunity to contest a revocation comports with due process. An aggrieved defendant should raise all claims of which he or she is aware in the original writ . . . . Successive, and often reformulated, claims clog the court system and waste judicial resources.

*Macemon*, 216 Wis. 2d at 342–43 (citations omitted).

■■■

¶ 13. Similarly, the reasoning of *Escalona-Naranjo* should apply to a petition for release under Wis. Stat. § 980.09(2). Like a Wis. Stat. § 974.06 motion or a writ of certiorari, a ch. 980 commitment is civil. *See State v. Brunette*, 212 Wis. 2d 139, 141, 567 N.W.2d 647 (Ct. App. 1997). Any constitutional challenge to the statutory commitment scheme should be raised in appeal of the initial commitment. A denial of the petition for release is similar to probation revocation in that the

initial proceedings—either the initial commitment or the underlying criminal action—are not the subject matter in controversy. When probation is revoked, there can be no challenge to the underlying conviction; appellate review is limited to the sentencing after revocation. *See State v. Drake*, 184 Wis. 2d 396, 399, 515 N.W.2d 923 (Ct. App. 1994). When a petition for release is filed, the only factual issue in controversy is whether, at the time of the petition, the committee remains sexually violent, not whether the initial commitment was appropriate.

¶ 14. Here, Bush's petition for release was denied. Rather than raise a claim of error relative to the proceedings, he challenges the underlying statutory scheme. The problem is that his challenges are to procedures of his initial ch. 980 commitment and they should have been raised in the first appeal.

¶ 15. Bush's first constitutional challenge here is that he is denied due process and equal protection because ch. 980 fails to require a finding of a less restrictive alternative. Bush attempted this argument in his first appeal, but failed to sufficiently develop it enough for our review. He may not reformulate his argument and make a second attempt.[3]

¶ 16. Bush's second constitutional challenge is that he is denied due process because ch. 980 fails to

---

[3] Bush argues that "it is true that, as a general rule, the constitutionality of a statute cannot be first questioned on appeal, [but] such rule may, under various circumstances, be abrogated." The waiver rule to which Bush refers is applied when arguments are made before this court for the first time, without ever giving the circuit court a chance to make a ruling. Such is not the situation here, and this particular waiver rule is inapplicable.

require proof of a recent overt act. His explanation for why the argument was not raised in earlier appeals is that the case on which he relies, *In re Albrecht*, 51 P.3d 73 (Wash. 2002), was not decided until after his first two appeals.

¶ 17. *Albrecht* does not discuss Wisconsin law. Any constitutional challenge to ch. 980 based on failure to require proof of an overt act could have been made without direction from *Albrecht*. Bush fails to present a sufficient reason to justify his failure to raise this constitutional challenge in his prior appeals.

¶ 18. We need finality in litigation. While an individual committed under ch. 980 is entitled to petition for release and regular review of his commitment, it is undesirable to allow the individual to "raise some constitutional issues on appeal and strategically wait to raise other constitutional issues a few years later" when those later issues were known from the outset. *See Escalona-Naranjo*, 185 Wis. 2d at 185–86.

¶ 19. In much the same way as a prisoner challenging his sentence, Bush is attempting to argue his commitment is "in violation of the U.S. constitution or the constitution or laws of this state . . . ." *See* WIS. STAT. § 974.06(1); *see also Escalona-Naranjo*, 185 Wis. 2d at 179–80. He does not challenge the procedures underlying or the factual basis for the denial of his petition for release.[4] Like a revoked parolee filing multiple writs, Bush had an opportunity to "raise all claims of which he . . . [was] aware in the original [petition]." *See Macemon*, 216 Wis. 2d at 343. Bush's constitutional chal-

---

[4] This is a challenge to which he would otherwise be entitled if there were error.

lenges to ch. 980 could have and should have been raised in previous appeals and we therefore decline to address them further.

*By the Court.*—Order affirmed.