## STATE EX REL. Paul DISMUKE, Appellant,†

### v.

## Darrell A. KOLB, Superintendent, Waupun Correctional Institution, and Department of Health & Social Services, Respondents.

Court of Appeals

*No. 88–1539. Submitted on briefs January 6, 1989.—Decided February 16, 1989.*

(Also reported in 441 N.W.2d 253.)

† Petition to review denied.

For the appellant the cause was submitted on the briefs of Paul Dismuke, *pro se,* of Waupun.

For the respondents the cause was submitted on the brief of *Donald J. Hanaway,* attorney general, and *William L. Gansner,* assistant attorney general.

Before Gartzke, P.J., Dykman and Eich, JJ.

GARTZKE, P.J. Paul Dismuke appeals from an order denying his sec. 974.06, Stats. motion for postconviction relief from his 1981 armed robbery conviction. The issue is whether his motion states a claim for which relief could be granted under sec. 974.06. We conclude it does not. We reach that conclusion because this is Dismuke's second sec. 974.06 motion, and no reason is shown why the claim was not raised in his first motion. We affirm the order.

The procedural facts are undisputed. On November 13, 1978, a criminal complaint was filed in Rock county circuit court charging Dismuke with armed robbery while concealing identity, secs. 943.32(2) and 946.62, Stats. 1977. The reference to sec. 943.32(2) should have been to sec. 943.32(1)(a) or (b). The information charged the same offense and added a repeater allegation pursuant to sec. 939.62(1)(c), Stats. Dismuke was tried and found guilty in September 1981. On November 2, 1981, the trial court found that Dismuke was a repeater and imposed a twenty year sentence. At no time during those proceedings did Dismuke raise an objection regarding the sufficiency of the armed robbery allegations in the complaint or information.

Dismuke appealed his conviction, and we affirmed in an unpublished opinion, *State v. Dismuke,* No.

82–405–CR unpublished slip op. (Wis. Ct. App. March 10, 1983). Dismuke did not raise the sufficiency of the complaint and information as an issue on that appeal.

In his *pro se* motion dated May 30, 1985, Dismuke sought relief under sec. 974.06, Stats. He asserted three claims: ineffectiveness of trial counsel, inadequacy of a pretrial suppression hearing, and the trial court's decision to allow the jury to examine certain photographs during its deliberations. The trial court denied his motion, he appealed, and we affirmed in an unpublished decision, *State v. Dismuke,* No. 85–1312 unpublished slip op. (Wis. Ct. App. July 24, 1986).

In a *pro se* motion dated July 26, 1988, Dismuke brought his second motion for postconviction relief under sec. 974.06, Stats. The grounds are that the complaint and information were defective because they alleged a violation of sec. 943.32(2), Stats. 1977, rather than a violation of sec. 943.32(1)(a) or (b).[1] On August 12, 1988, after concluding that the information was sufficient, the trial court summarily denied the motion.

Six days later, Dismuke petitioned the court of appeals for a writ of habeas corpus to review the trial court's August 12, 1988 order. We directed that the

---

[1]Section 943.32, Stats. 1977, provides in relevant part:

 (1) Whoever, with intent to steal, takes property from the person or presence of the owner by either of the following means is guilty of a Class C felony:

 (a) By using force against the person of the owner with intent thereby to overcome his physical resistance or physical power of resistance to the taking or carrying away of the property; or

 (b) By threatening the imminent use of force against the person of the owner or of another who is present with intent thereby to compel the owner to acquiesce in the taking or carrying away of the property.

 (2) Whoever violates sub. (1) while armed with a dangerous weapon is guilty of a Class B felony.

petition be construed as a notice of appeal from the order.

Section 974.06(1), Stats., provides that after the time for an appeal or a postconviction remedy provided in sec. 974.02 has expired, a prisoner who is in custody under sentence of a court and claims the right to be released on any of the specified grounds may move the court which imposed the sentence to vacate, set aside or correct the sentence. Section 974.06 does not, however, create an unlimited right to file successive motions for relief. Section 974.06(4) provides:

> All grounds for relief available to a prisoner under this section must be raised in his original, supplemental or amended motion. Any ground finally adjudicated *or not so raised,* or knowingly, voluntarily, and intelligently waived in the proceeding that resulted in the conviction or sentence or in any other proceeding the prisoner has taken to secure relief may not be the basis for a subsequent motion, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental or amended motion. [Emphasis added.]

The policy against allowing successive sec. 974.06, Stats., motions to raise new grounds was noted when sec. 974.06 was enacted. "[Subsection] (4) is taken from the Uniform Post-Conviction Procedure Act [of 1966] and is designed to compel a prisoner to raise all questions available to him in one motion." Legislative Note to sec. 974.06, Ch. 255, sec. 63, Laws of 1969, *reprinted in* Wis. Stat. Ann. sec. 974.06 comment (West 1985).

Section 974.06(4), Stats., is identical to section (8) of the Uniform Post-Conviction Procedure Act of 1966, 11 U.L.A. 528 (1974). In states that have adopted this

act, courts have routinely held that a prisoner's failure to assert a particular ground for relief in an initial postconviction motion bars the prisoner's assertion of the ground in a later motion, in the absence of justification for the omission. *See e.g., Palmer v. Dermitt,* 635 P.2d 955, 959 (Idaho 1981); *Cuevas v. State,* 372 N.W.2d 284, 286 (Iowa Ct. App. 1985); *State v. Lueder,* 267 N.W.2d 555, 557 (N.D. 1978).

The ground for relief asserted in Dismuke's second sec. 974.06, Stats., motion should have been asserted in his first motion. His second motion fails to explain why he did not previously assert this ground. We cannot determine whether a sufficient reason exists for his failure to assert it in his first motion. We therefore affirm the order denying Dismuke's second motion.

*By the Court.*—Order affirmed.