STATE of Wisconsin EX REL. Daniel Kevin SCHMIDT, Petitioner,

v.

Marianne COOKE, Warden, Kettle Moraine Correctional Institution, Respondent.

Court of Appeals

*No. 93–1276–W. Submitted on briefs August 6, 1993.—Decided November 3, 1993.*

(Also reported in 509 N.W.2d 96.)

For the petitioner, a petition for a writ of habeas corpus was submitted by *Daniel K. Schmidt, pro se.*

For the respondent, cause was submitted on the briefs of *James M. Freimuth,* assistant attorney general.

Before Anderson, P.J., Brown and Snyder, JJ.

SNYDER, J. Daniel Kevin Schmidt has filed a petition for *habeas corpus* under *State v. Knight,* 168 Wis. 2d 509, 484 N.W.2d 540 (1992). The state has filed a response in opposition to the petition, and Schmidt has filed a response to the state's response.

This is Schmidt's second petition for *habeas corpus* seeking relief under *Knight.* The first petition was denied by this court on February 23, 1993. *State ex rel. Schmidt v. Gudmanson,* No. 93-0164-W.

We deem the dispositive issue to be whether a defendant can file more than one petition seeking relief under *Knight.* The state argues that a defendant should be limited to one petition, just as a defendant generally is limited to a single postconviction motion under sec. 974.06, Stats.

Prior to the *Knight* opinion, claims of ineffective assistance of appellate counsel were addressed in a sec. 974.06, Stats., context. *See, e.g., State v. Flores,* 158 Wis. 2d 636, 462 N.W.2d 899 (Ct. App. 1990), *overruled*

*by Knight*, 168 Wis. 2d at 519 n.6, 484 N.W.2d at 544. In *Knight*, the supreme court held that a defendant should henceforth raise such a claim by filing a petition for *habeas corpus* in the appellate court.[1] *Knight*, 168 Wis. 2d at 520, 484 N.W.2d at 544.

A defendant may file only one motion for postconviction relief under sec. 974.06, Stats., unless he or she can adequately explain why the issue raised in the second motion was not brought up in the first motion. Section 974.06(4), Stats.; *see State ex rel. Dismuke v. Kolb,* 149 Wis. 2d 270, 271, 441 N.W.2d 253, 253 (Ct. App. 1989). That limitation is designed to ensure some measure of finality to a criminal proceeding.

We conclude that a similar restriction should be imposed on petitions for *habeas corpus* filed under *Knight.* We agree with the state that the court in *Knight* chose *habeas* procedure over the postconviction procedure of sec. 974.06, Stats., primarily because the appellate court that heard the appeal was deemed a "more appropriate and better suited forum" than a circuit court. *Knight,* 168 Wis. 2d at 521, 484 N.W.2d at 545. While *Knight* altered the forum in which a claim of ineffective appellate counsel is resolved, it did not affect the legal substance of the claim. Just as before *Knight,* a claim of ineffective assistance of appellate counsel remains a postconviction motion, albeit one asserting error at the appellate level rather than the

---

[1] While this court is not aware of any *Knight* petitions being filed in the supreme court, *Knight* suggests that the supreme court would be the appropriate forum for a petition alleging that appellate counsel was ineffective in his or her representation of a defendant before that court. *See State v. Knight,* 168 Wis. 2d 509, 521, 484 N.W.2d 540, 544 (1992).

189

circuit court level. In order to achieve a measure of finality at the appellate level, we conclude that a defendant may file only one *habeas* petition under *Knight* unless that defendant can adequately explain why all issues relating to the representation of appellate counsel were not raised in the first petition. *See Dismuke,* 149 Wis. 2d at 273-74, 441 N.W.2d at 254.

Applying that principle to Schmidt's petition, we conclude that it must be denied. In his first petition, Schmidt asserted that this court erred when it acceded to Schmidt's discharge of Attorney Anthony O'Malley. The State Public Defender then refused to appoint successor counsel and Schmidt pursued his direct appeal *pro se.* Essentially, Schmidt argued in his first petition that he should not have had to proceed *pro se* on direct appeal. In this second petition, Schmidt cites to *Pickens v. State,* 96 Wis. 2d 549, 292 N.W.2d 601 (1980), and contends that he did not intelligently waive his right to appellate counsel. That argument is merely another reason why Schmidt believes his *pro se* status was error. There is no reason why Schmidt could not have raised that argument in the first petition. He cannot raise it now in a second petition.

*By the Court.*—Writ denied.