STATE of Wisconsin EX REL.
Jerred Renard WASHINGTON, Petitioner,†

v.

STATE of Wisconsin,
Respondent.
[Case No. 2009AP746-W]

STATE of Wisconsin,
Plaintiff-Respondent,†

v.

Jerred Renard WASHINGTON,
Defendant-Appellant.
[Case No. 2010AP1064]

Court of Appeals

*Submitted on briefs February 28, 2012.
—Decided June 12, 2012.*

2012 WI App 74

(Also reported in 819 N.W.2d 305.)

† Petition for Review denied 10/16/12.

434

435

436

On behalf of the petitioner/defendant-appellant, the cause was submitted on the briefs of *Ellen Henak*, Assistant State Public Defender, Milwaukee.

On behalf of the respondent/plaintiff-respondent, the cause was submitted on the brief of *J.B. Van Hollen*, attorney general, and *James M. Freimuth*, assistant attorney general.

Before Fine, Kessler and Brennan, JJ.

¶ 1. BRENNAN, J. In this decision, we first address Jerred Renard Washington's petition for a writ of *habeas corpus*, filed as an original proceeding in this court under *State v. Knight*, 168 Wis. 2d 509, 484 N.W.2d 540 (1992), and asserting ineffective assistance of appellate counsel. Second, we address Washington's appeal from the circuit court's order denying his postconviction motion to withdraw his no-contest plea to third-degree sexual assault.[1] For the reasons set forth below, we deny Washington's *habeas* petition and affirm the circuit court's order denying Washington's postconviction motion.

## BACKGROUND

¶ 2. In January 1997, the State filed a complaint charging Washington with one count of second-degree sexual assault of a child, contrary to WIS. STAT. § 948.02(2) (1997–98).[2] According to the complaint and preliminary hearing testimony, in April 1996, Washington, who was twenty-five years old, forced a fourteen-year-old girl to have penis-vagina intercourse with him in the back seat of his vehicle.

¶ 3. In July 1997, pursuant to a plea agreement, Washington pled no contest as a habitual offender to

---

[1] Washington's *habeas* petition and appeal were consolidated for briefing and disposition by order dated June 21, 2011.

[2] All references to the Wisconsin Statutes are to the 2009–10 version unless otherwise noted.

the reduced charge of third-degree sexual assault, contrary to Wis. Stat. §§ 940.225(3) and 939.62(1)(b) (1997–98).[3] Trial counsel Scott Phillips represented Washington at the plea hearing and attempted to negotiate the plea to avoid a charge that would subject Washington to a later petition for commitment as a sexually violent person under Wis. Stat. ch. 980. At the time, third-degree sexual assault was not a crime that would render an individual eligible for such a commitment. *See* Wis. Stat. §§ 980.01(6) & 980.02(2) (1997–98).

¶ 4. The circuit court sentenced Washington on the third-degree sexual assault charge to an indeterminate sentence not to exceed ten years, consecutive to any other sentence, and advised him of his right to appeal. The judgment of conviction was entered in October 1997.

¶ 5. Days after the entry of judgment, Washington filed a notice of intent to pursue postconviction relief. Thereafter, he hired Attorney Michael J. Backes to represent him in postconviction proceedings.

¶ 6. In September 1998, after being granted an extension of time, Attorney Backes filed a motion for

---

[3] Washington also pled no contest to a misdemeanor count of fourth-degree sexual assault as a habitual criminal in a consolidated case, and was sentenced to an indeterminate sentence not to exceed three years, consecutive to any other sentence. He does not challenge that case on appeal.

We also note that the judgment of conviction erroneously indicates that Washington pled guilty. We direct that the judgment be appropriately amended upon remittitur of the record. *See State v. Prihoda*, 2000 WI 123, ¶¶ 26–27, 239 Wis. 2d 244, 618 N.W.2d 857 (The circuit court may make the corrections to the sentence portion of a written judgment itself or it may direct the circuit court clerk to make the corrections.).

plea withdrawal, arguing that Attorney Phillips, Washington's trial counsel, rendered ineffective assistance of counsel in that he failed to properly investigate and explain problems with the State's potential witnesses, rendering Washington's plea involuntary. The trial court denied the motion.[4]

¶ 7. The deadline for Washington to appeal the circuit court's denial of his postconviction motion was October 6, 1998. Washington did not file a notice of appeal.

¶ 8. In June 2001, Washington filed his second postconviction motion, a *pro se* motion for sentence modification, which the circuit court denied. In July 2001, Washington wrote the circuit court a letter, asking for approval for visits from his fiancée's children. The circuit court treated the letter as Washington's third postconviction motion and denied the motion.[5]

¶ 9. In August 2006, as Washington neared the end of his sentence, the State filed a sexually-violent-person petition, seeking Washington's commitment pursuant to WIS. STAT. ch. 980. Earlier in 2006, the legislature had amended ch. 980 to permit commitment for individuals convicted of third-degree sexual assault. *See* 2005 Wis. Act 434, § 65 (enacted May 22, 2006); WIS. STAT. §§ 940.225(3) & 980.01(6). Attorney Robert W. Peterson was appointed to represent Washington on the commitment petition. Attorney Peterson moved to dismiss the commitment petition on the grounds that the circuit court should enforce the plea agreement in the

---

[4] The Honorable Timothy G. Dugan presided over the plea and sentencing hearings and denied Washington's first postconviction motion.

[5] The Honorable Daniel L. Konkol denied Washington's June 2001 and July 2001 motions.

underlying criminal case, arguing that Washington's plea had been conditioned on an agreement that a ch. 980 petition would not be brought against him. In June 2008, following an evidentiary hearing at which Attorney Phillips, Washington's trial counsel, testified, the circuit court denied the motion to dismiss the ch. 980 petition. The ch. 980 action is still pending.[6]

¶ 10. In January 2007, after the State filed the Wis. Stat. ch. 980 petition, Washington filed a *pro se* motion for collateral relief from the criminal judgment, self-titled as a "motion for writ of certiorari, and . . . for sentence credit." (Capitalization omitted.) The circuit court denied the motion that same month.[7] Then, in August 2008, Washington filed a motion he identified as one for sentence modification, which was denied by the circuit court in September 2008.[8] These were his fourth and fifth postconviction motions respectively.

¶ 11. Next, in November 2008, Washington filed the motion which forms the basis for his appeal consolidated for review here: a *pro se* motion for postconviction relief under Wis. Stat. § 974.06, alleging eight different claims. Washington also petitioned the circuit court to appoint him counsel to represent him while he pursued the motion, and the circuit court appointed Attorney Peterson, who was familiar with the facts of

---

[6] While we include some details of the commitment case in our decision, those details are included in the record for the criminal case from which Washington appeals. The commitment case is still pending before the circuit court and is not before us on appeal. The Honorable M. Joseph Donald presided over the evidentiary hearing in the commitment case and denied the motion to dismiss.

[7] Judge Dugan denied Washington's January 2007 motion.

[8] The Honorable John Franke denied Washington's August 2008 motion.

442

the case through his representation of Washington in the commitment matter.[9] In July 2009, Attorney Peterson filed a motion for plea withdrawal on Washington's behalf, amending Washington's November 2008 postconviction motion. The basis of the motion was that Washington's plea was not knowingly and voluntarily entered because "he did not understand the legal impact and ramifications of the consequences of his plea," to wit, he falsely believed that by pleading no contest to third-degree sexual assault that the State would not later file a WIS. STAT. ch. 980 petition seeking his commitment as a sexually violent person.

¶ 12. In February 2010, the circuit court held an evidentiary hearing on Washington's motion to withdraw his plea. Following the hearing, the circuit court denied the motion, finding that there was no manifest injustice because although Attorney Phillips negotiated the plea agreement with an eye to having Washington plead to an offense that did not qualify for a WIS. STAT. ch. 980 petition, there was no specific agreement that Washington would never be subjected to a ch. 980 petition, and in any event, a change in the law did not render the plea agreement involuntary.[10] Washington appeals the circuit court's order denying his WIS. STAT. § 974.06 motion for plea withdrawal.

¶ 13. In March 2009, while his WIS. STAT. § 974.06 postconviction motion to withdraw his plea was still pending before the circuit court, Washington, proceeding *pro se,* filed a petition for a writ of *habeas corpus* in

---

[9] The Honorable Carl Ashley appointed Washington counsel in the commitment matter.

[10] The Honorable Rebecca F. Dallet presided over the evidentiary hearing and entered the order denying Washington's motion to withdraw his plea.

this court, alleging that Attorney Backes, his postconviction counsel, deprived him of his right to a direct appeal in 1998 in the underlying criminal case. The public defender appointed Washington counsel, who filed an amended *habeas* petition on the same grounds. We remanded the case to the circuit court for an evidentiary hearing to resolve the factual questions raised by Washington's petition and the State's and Attorney Backes's responses.

¶ 14. The circuit court held an evidentiary hearing on remand and made findings of fact on the record.[11] Both Washington and Attorney Backes testified. The circuit court found, among other things, that:

- On December 4, 1997, Washington and Attorney Backes entered into a written fee agreement, which was placed into the record as an exhibit. The agreement stated that Attorney Backes was hired for "Post conviction representation [of] Jerrod [sic] Washington—bring any appropriate motion into court."

- On September 15, 1998, Attorney Backes filed a motion to withdraw Washington's no-contest plea in the circuit court, which was denied by the circuit court on September 16, 1998.[12]

- Washington instructed Attorney Backes by letter of September 12, 1998, to "drop the postconviction issue and try for a sentence modification."

- The deadline for appealing the circuit court's order denying the postconviction motion filed by Attorney Backes was October 6, 1998.

[11] The Honorable Dennis R. Cimpl presided over the evidentiary hearing and entered the written findings of fact.

[12] The circuit court mistakenly refers to Washington's "guilty" plea, rather than his actual "no-contest" plea.

- Attorney Backes's file on his representation of Washington was destroyed in 2005 or 2006. Attorney Backes had no independent recollection of the representation, but he was able to recover from his computer six letters addressed to Washington, dated between April 24, 2002, and November 17, 2005, and made a part of the record.

- All six letters reflect that they are in answer to letters that Washington sent to Attorney Backes.

- Although Washington denied receipt of any of these six letters, the court found Washington incredible in that denial.

- Attorney Backes informed Washington in a letter dated September 15, 2003, that he did not file an appeal from the order denying the postconviction motion because he was only retained to file the motion, not to file an appeal.

¶ 15. Following entry of the circuit court's written findings, the case was returned to this court for decision on the *habeas* petition.

¶ 16. Additional facts are included in the discussion section as necessary.

## DISCUSSION

## I. Washington's petition for a writ of *habeas corpus* is barred by laches.

¶ 17. In his petition for a writ of *habeas corpus,* Washington contends that he was deprived of his due process right to appellate review when Attorney Backes failed to inform him of:

(1) the denial of the postconviction motion . . .; (2) the October 6, 1998 deadline for filing a notice of appeal;

445

(3) his right to file a notice of appeal; and[] (4) in the event Attorney Backes believed that an appeal had no merit, of [Washington's] options, including[:] the option to proceed *pro se,* the option of retaining new counsel, and the option of seeking appointment of counsel from the Office of the State Public Defender, along with the possibility of filing a motion to extend the deadline to create time to exercise any of these options.

The State raises the defense of laches and argues that: (1) Washington unreasonably delayed in bringing his ineffective-assistance-of-appellate-counsel claim; (2) the State lacked knowledge that Washington would bring the claim; and (3) the State has been prejudiced by the delay. We conclude that the State has met its burden and that laches is properly applied here. As such, we deny Washington's *habeas* petition.

▆▆▆▆

¶ 18. "Writ of *habeas corpus* is an equitable remedy that protects a person's right to personal liberty by freeing him or her from illegal confinement." *State v. Pozo*, 2002 WI App 279, ¶ 8, 258 Wis. 2d 796, 654 N.W.2d 12. While the writ is guaranteed by both the Wisconsin constitution, *see* Wis. Const. art. I, § 8, cl. 4, and the United States Constitution, *see* U.S. Const. art. I, § 9, cl. 2, it is considered an extraordinary remedy and "is available only where the petitioner demonstrates: (1) restraint of his or her liberty, (2) which restraint was imposed contrary to constitutional protections or by a body lacking jurisdiction[,] and (3) no other adequate remedy available at law." *Pozo*, 258 Wis. 2d 796, ¶ 8. Moreover, " 'a petition for writ of *habeas corpus* will not be granted where . . . the petitioner asserts a claim that he or she could have raised during a prior appeal, but failed to do so, and offers no valid reason to excuse such failure.' " *Id.*, ¶ 9 (citation omitted).

¶ 19. The Wisconsin Supreme Court has recognized laches as an available defense to a *habeas* petition. *State ex rel. Coleman v. McCaughtry,* 2006 WI 49, ¶ 17, 290 Wis. 2d 352, 714 N.W.2d 900.[13] The court held that where a *habeas* petition is brought by a Wisconsin prisoner, the burden is on the State to show that: (1) the petitioner unreasonably delayed in bringing the claim; (2) the State lacked knowledge that the claim would be brought; and (3) the State has been prejudiced by the delay. *Id.*; *Sawyer v. Midelfort,* 227 Wis. 2d 124, 159, 595 N.W.2d 423 (1999).

■■

¶ 20. The reasonableness of the delay and whether there is prejudice to the State are legal conclusions we make based on factual findings of the circuit court. *See Lohr v. Viney,* 174 Wis. 2d 468, 477–78, 497 N.W.2d 730 (Ct. App. 1993). If the defense of laches is proved, whether to apply laches and deny the *habeas*

---

[13] Citing *State ex rel. Smalley v. Morgan,* 211 Wis. 2d 795, 565 N.W.2d 805 (Ct. App. 1997), *abrogated on other grounds by State ex rel. Coleman v. McCaughtry,* 2006 WI 49, 290 Wis. 2d 352, 714 N.W.2d 900, Washington acknowledges in his brief that Wisconsin case law holds "that habeas corpus is subject to the doctrine of laches because it is an equitable doctrine." Nevertheless, Washington goes on at length to argue that applying laches to petitions for *habeas corpus* "improperly attributes the delay resulting from a constitutional violation to the victim of the violation." To the extent Washington may be asking us to overrule previous case law, we note that "only the supreme court . . . has the power to overrule, modify or withdraw language from a published opinion of the court of appeals." *See Cook v. Cook,* 208 Wis. 2d 166, 189–90, 560 N.W.2d 246 (1997). Furthermore, for the reasons set forth in the body of this decision, we conclude that laches is appropriately applied to Washington's petition.

petition is left to this court's discretion. *Coleman*, 290 Wis. 2d 352, ¶ 17. Here, we conclude that the State has proven each of the three elements, and that application of laches is appropriate and consistent with our jurisprudence.

¶ 21. First, the State has proven that Washington unreasonably delayed in bringing his claim. *See id.* At the factfinding hearing before the circuit court, Attorney Backes produced several letters he sent to Washington in response to correspondence he received from Washington. One such letter, dated September 15, 2003, states, in pertinent part:

> Dear Mr. Washington:
>
> With respect to your letter dated September 6th and received in my office on September 9th, I have located your file and would now respond as follows:
>
> . . . .
>
> As to your question about why I did not appeal the denial of the postconviction motion, I would respond as follows:
>
> First of all, I was retained to review matters and file any appropriate postconviction motion, which I did. I was not retained for an appeal to the Court of Appeals.
>
> Secondly, in a letter dated September 12th, received in my office on September 18th, you specifically requested that I drop the postconviction issue and try for a sentence modification only. By the time this letter was received, the postconviction motion was already filed, and a decision was filed on September 16th. By the time your request was received, it was obviously too late to withdraw the motion. Given your request to withdraw the motion, it was obvious that the matter would not be appealed any further, as you indicated that you wanted

the issue dropped. Therefore, I do not understand why you now ask why it was not appealed further.

. . . .

Although Washington denied receipt of this letter, the circuit court found his denial incredible. The letter shows that Washington had notice by at least September 2003 that Attorney Backes had not filed an appeal and the body of the letter explains why the appeal was not filed.

¶ 22. Despite Washington's awareness in September 2003 that Attorney Backes had not filed an appeal on his behalf (allegedly at Washington's request) and that the timeline for filing any such appeal had passed, Washington waited well over five years,[14] until March 2009, to raise the issue with the court. In the interim, however, he brought three other collateral issues in the criminal case to the court's attention: a "motion for writ of certiorari, and . . . for sentence credit" (capitalization omitted) in January 2007, a motion Washington identified as one for sentence modification in August 2008, and a motion for plea withdrawal in November 2008. In none of these filings did Washington mention the ineffective assistance of his appellate counsel or the denial of his right to an appeal. Under these circumstances, a five-year delay in alleging the denial of his appellate rights is unreasonable.

---

[14] The State argues that Washington delayed over eleven years before pursuing reinstatement of his appellate rights, apparently starting the clock from the moment Washington's time to file an appeal expired in October 1998. Accepting the facts in the light most favorable to Washington for purposes of this opinion, it is clear that, at the latest, Washington was aware of the loss of his appellate rights in September 2003. As such, we start the clock ticking at that time. Regardless, we conclude that the delay was unreasonable.

¶ 23. We reject Washington's assertion that his delay was not unreasonable because he "lacked the education and sophistication in the law to file his own motions or petitions." In so arguing, Washington downplays his familiarity with postconviction and appellate procedures. Proceeding *pro se,* Washington has filed five motions for collateral relief in his underlying criminal case and a *habeas* petition. After filing his most recent motion for plea withdrawal, Washington had the wherewithal to file a petition for the appointment of counsel. Washington is hardly a novice. Furthermore, even as a *pro se* litigant, Washington cannot lay in the weeds and wait to raise an issue of potential merit. *See Waushara Cnty. v. Graf,* 166 Wis. 2d 442, 452, 480 N.W.2d 16 (1992) (requiring *pro se* litigants to satisfy the same procedural requirements as attorneys).

¶ 24. Second, the State has proven that it lacked knowledge that Washington would raise an issue of ineffective assistance of appellate counsel eleven years after the entry of judgment. *See Coleman,* 290 Wis. 2d 352, ¶ 17. Washington has pursued five motions for collateral relief since his time to appeal expired in 1998. The State had no reason to suspect that Washington would pursue yet another form of collateral relief that he did not raise in his prior filings.

¶ 25. Third, the State has proven it was prejudiced by Washington's delay in filing his petition. *See id.* The circuit court found that, because of the time that had passed, Attorney Backes no longer had any independent recollection of his representation of Washington and that the relevant case file was destroyed in 2005 or 2006. A finding that counsel cannot "recall

or . . . reconstruct what happened during his communications with [a defendant]; what [the defendant's] response was; and how they reached the ultimate decision not to appeal," is sufficient to establish prejudice. *Id.*, ¶ 36.

██ ██

¶ 26. Having concluded that the State has proven laches, we further determine that applying laches is appropriate and equitable here. It has long been held in Wisconsin that successive attempts at postconviction relief will not be tolerated in the absence of extraordinary circumstances.[15] Here, Washington sat on his hands for at least five years after allegedly discovering he was denied an appeal, failing to immediately seek reinstatement of his appellate rights. Instead, he filed three other requests for collateral relief. If we were to grant Washington reinstatement of his appellate rights now, the results of his prior motions would be nullified, *see Betts v. Litscher*, 241 F.3d 594, 597 (7th Cir. 2001),

[15] *See State v. Witkowski*, 163 Wis. 2d 985, 990, 473 N.W.2d 512 (Ct. App. 1991) (barring successive postconviction motions raising the same issues); *State ex rel. Dismuke v. Kolb*, 149 Wis. 2d 270, 273–74, 441 N.W.2d 253 (Ct. App. 1989) (barring successive postconviction motions raising different issues); *State ex rel. Schmidt v. Cooke*, 180 Wis. 2d 187, 189–90, 509 N.W.2d 96 (Ct. App. 1993) (barring successive petitions for writs of *habeas corpus* alleging ineffective assistance of appellate counsel); *State ex rel. Macemon v. Christie*, 216 Wis. 2d 337, 343, 576 N.W.2d 84 (Ct. App. 1998) (barring successive challenges to parole revocation); *State v. Escalona-Naranjo*, 185 Wis. 2d 168, 181–86, 517 N.W.2d 157 (1994) (barring a WIS. STAT. § 974.06 postconviction motion brought after the defendant pursued a direct appeal); *State v. Allen*, 2010 WI 89, ¶ 93, 328 Wis. 2d 1, 786 N.W.2d 124 (barring a § 974.06 postconviction motion brought after the defendant has pursued a no-merit direct appeal).

and Washington would be permitted multiple reviews of the same issues and new issues that may otherwise be procedurally barred. Our jurisprudence does not require such an inefficient result, particularly when a defendant does not provide a sufficient reason for his failure to bring a claim sooner. *See State ex rel. Macemon v. Christie*, 216 Wis. 2d 337, 343, 576 N.W.2d 84 (Ct. App. 1998) ("[D]ue process for a convicted defendant permits him or her a single appeal of that conviction and a single opportunity to raise claims of error . . . . Successive, and often reformulated, claims clog the court system and waste judicial resources."). Washington has failed to provide any reason, much less a sufficient reason for his delay. As such, we deny Washington's petition for a writ of *habeas corpus*.

## II. Washington's postconviction motion to withdraw his guilty plea is procedurally barred.

¶ 27. Washington argues that the circuit court erred in denying his Wis. Stat. § 974.06 postconviction motion for plea withdrawal. In his motion, Washington argued that his plea was not knowingly, intelligently, and voluntarily entered because at the time of his plea he believed the State agreed it would not later file a Wis. Stat. ch. 980 petition if he pled to third-degree sexual assault. Following an evidentiary hearing, the circuit court concluded that the prosecutor never explicitly agreed not to file a ch. 980 petition against Washington in the future and that the change in the law to include third-degree sexual assault as a predicate offense for a ch. 980 petition did not render Washington's plea involuntary. We need not address the merits of Washington's claim because we conclude that he previously raised the

issue in August 2008 and may not do so again. *See State v. Witkowski*, 163 Wis. 2d 985, 990, 473 N.W.2d 512 (Ct. App. 1991). Whether a defendant's appeal is procedurally barred is a question of law that we review *de novo*. *State v. Fortier*, 2006 WI App 11, ¶ 18, 289 Wis. 2d 179, 709 N.W.2d 893 (Ct. App. 2005).

¶ 28. Washington became aware of the change to the law and the State's desire to commit him as a sexually violent person in August 2006, when the State filed the Wis. Stat. ch. 980 petition. After the State filed the ch. 980 petition, Washington, *pro se,* filed two motions, both of which he asserted were for sentence modification, one in January 2007 and another in August 2008. His August 2008 motion stated that he was seeking a modification of his sentence based on:

> New factor – Change in law regarding nature of offense[.] On July 25, 1997, I was convicted of 3rd degree sexual assault[,] as a result of an agreement reached by the State and my attorney acting as my agent. The State agreed to reduce my charge from a 2nd degree sexual assault – which was a sexually violent offense, down to a 3rd degree sexual assault which was not a sexually violent offense at said time of my conviction. On August 1, 2006, the legislat[ure] changed the laws to include the 3rd degree sexual assault to the list of chapter 980 sexually violent [p]ersons law . . .; the State then proceeded to bring the 980 petition against me.[] In the State[']s willingness to reduce the charge against me from 2nd degree sexual assault . . . to a 3rd degree sexual assault . . . the State foreclosed on [its] opportunity to bring the chapter 980 petition against me; it was the State[']s agreement to take the sexually violent offense off the table that prompted me to accept and agree to the guilty plea . . . . The State[']s decision to bring the 980 petition against me violates the terms of [*United States v. Rourke,* 74 F.3d 802 (7th Cir. 1996)]. It violates the Wisconsin State Constitution[.] Article I, § 12 provides,

no ex post facto law shall be passed.[] The ex post facto law embraces any change in law which in relation to the offense of its[] consequences, alters the situations of a party to his disadvantage.

(Some capitalization omitted.) The circuit court noted that Washington's motion was mistitled. It observed that he was not really seeking a modification of his sentence, but was actually challenging the ch. 980 petition. The circuit court denied Washington's motion, and Washington did not appeal from the circuit court's order.

¶ 29. The crux of Washington's August 2008 motion was that the State breached the plea agreement by filing the Wis. Stat. ch. 980 petition. *See State v. Sprang*, 2004 WI App 121, ¶ 14, 274 Wis. 2d 784, 683 N.W.2d 522 (" '[A]n accused has a constitutional right to the enforcement of a negotiated plea agreement.' ") (citation omitted; brackets in *Sprang*).[16] His current motion for plea withdrawal argues that his plea was not knowingly, intelligently, and voluntarily entered, violating his right to due process, because he falsely believed that his plea precluded the State from bringing a ch. 980 petition. In short, Washington's August 2008 motion and his current motion for plea withdrawal rest on

[16] Washington's motion may be more properly construed as a Wis. Stat. § 974.06 postconviction motion. *See bin-Rilla v. Israel*, 113 Wis. 2d 514, 520, 335 N.W.2d 384 (1983) (We liberally construe a *pro se* defendant's motion and are not bound by the defendant's labels.); *see also Loop v. State*, 65 Wis. 2d 499, 501, 222 N.W.2d 694 (1974) (§ 974.06 motions are properly used to bring issues of jurisdictional or constitutional dimension before the court). However, we need not conclusively determine whether the August 2008 motion was properly labeled to decide the issue before us.

454

the same issue: whether Washington's plea precluded the State from filing a ch. 980 petition seeking Washington's commitment.

■■■

¶ 30. We have repeatedly held that "[a] matter once litigated may not be relitigated in a subsequent postconviction proceeding no matter how artfully the defendant may rephrase the issue." *Witkowski*, 163 Wis. 2d at 990. That is the case here. Washington simply "attempts to rephrase or re-theorize his previously-litigated challenge." *See id.* at 992. He cannot do so.[17] As such, we affirm the circuit court's order denying Washington's motion for plea withdrawal. *See State v. Smiter*, 2011 WI App 15, ¶ 9, 331 Wis. 2d 431, 793 N.W.2d 920 (Ct. App. 2010) (We are not bound by the circuit court's reasoning in affirming its order.).

*By the Court.*—Petition denied; order affirmed.

[17] Washington goes to great lengths in his appellate brief to narrowly define the issue before us on appeal, presumably, in an effort to avoid our conclusion that his appeal is barred by *Witkowski*. Washington states: "This case is about Mr. Washington having been misadvised that his plea would not create a predicate offense for commitment under Chapter 980. It is *not* about the effects of a failure to provide advice concerning the effects of his plea. It is *not* about the terms of the plea agreement." However, upon this court's review of Washington's brief in support of his motion before the circuit court, we note that the issue was not so narrowly defined. Furthermore, Washington's argument in support of his claim belies his attempt to so narrowly define the issue before the court, and we conclude he is merely "attempt[ing] to rephrase or re-theorize his previously-litigated challenge," as prohibited by *Witkowski*. *See id.*, 163 Wis. 2d at 992.