COURT OF APPEALS
DECISION
DATED AND FILED

February 2, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No.    2019AP618**

**STATE OF WISCONSIN**

Cir. Ct. No. 2004CF1372

**IN COURT OF APPEALS
DISTRICT I**

STATE OF WISCONSIN,

     PLAINTIFF-RESPONDENT,

  V.

PRINCE DASHUN KEY,

     DEFENDANT-APPELLANT.

 

APPEAL from orders of the circuit court for Milwaukee County: DAVID L. BOROWSKI, Judge. *Affirmed in part; reversed in part and cause remanded with directions*.

Before Blanchard, Dugan and White, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Prince Dashun Key appeals the orders of the Milwaukee County Circuit Court denying, without a hearing, his motion for a new trial filed pursuant to WIS. STAT. § 974.06 (2017-18)[1] and his motion for reconsideration.

¶2 We conclude that Key's motion for a new trial based on his argument that he received ineffective assistance of counsel is procedurally barred; therefore, we affirm that part of the circuit court's orders denying Key's motion without a hearing. However, we conclude that the circuit court improperly assessed the credibility of the affidavits Key submitted in support of his claim of newly discovered evidence without a hearing. Therefore, we reverse that part of the circuit court's orders and remand for an evidentiary hearing on Key's claim of newly discovered evidence.

## BACKGROUND

¶3 Key was convicted of first-degree intentional homicide of Larry Vann on July 22, 2004, following a four-day jury trial. In a decision addressing Key's direct appeal, we described the shooting incident as follows:

> This case arises from the shooting death of Larry Vann on March 5, 2004, following an argument in a sandwich shop. The argument was between the group Vann was with, including his cousin Deangelo Vann, and Key and occurred after someone cut in line in front of the woman Key was with. Witnesses testified that during the argument, Key brandished a gun, and after the argument, Key left the shop and got into a car. The car exited the parking lot and drove past where Vann was standing after he had exited the shop. Key leaned out of the passenger side of a car and shot at Vann as the car drove by, at which point Deangelo fired at

---

[1] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

> the car as it drove away. Key presented a different version of events, admitting that he brandished a gun in the sandwich shop but testifying that as he was leaving in the car, Deangelo shot at the car, and Key fired his gun only in self-defense as his car was driving away.

*State v. Key*, No. 2005AP1667-CR, unpublished op. and order at 1-2 (WI App May 25, 2006) (footnote omitted).

¶4      Police recovered a total of eight nine-millimeter casings from the scene of the shooting. Four casings were located in front of the sandwich shop, and four casings were located just down the road from the sandwich shop. The evidence also included a nine-millimeter bullet that was recovered from Vann, and a bullet recovered from a bystander who was shot in the leg as he drove past the sandwich shop. However, the police were never able to recover either firearm.

¶5      The State called an expert witness at the trial to testify regarding the examination of the casings and the bullets recovered at the scene. The State's expert testified that, after examining the markings on the casings, he was able to determine to a reasonable degree of scientific certainty that two guns, each of which fired four shots, where involved in the shooting.

¶6      As to the first set of four casings located in front of the sandwich shop where Vann was located after the shooting, the State's expert testified that the markings on the casings were consistent with markings made by a nine-millimeter semiautomatic pistol manufactured by Smith & Wesson. The State's expert also testified that the bullet recovered from Vann also exhibited markings consistent with those, which would be left by a nine-millimeter semiautomatic pistol manufactured by Smith & Wesson. As to the second set of four casings located farther down the road from the sandwich shop, the State's expert was unable to identify the brand of firearm associated with the casings from the markings on the casings. The State's

expert was likewise unable to connect the bullet recovered from the bystander to a specific brand of firearm. The State's expert was not asked and did not offer an opinion regarding who or which gun was fired first. Trial counsel for Key did not call an expert witness to rebut the testimony of the State's expert witness.

¶7 Postconviction counsel filed a direct appeal and argued that there was insufficient evidence to support Key's conviction. This court affirmed the conviction in a summary disposition dated May 25, 2006, and our supreme court denied Key's petition for review on August 31, 2006.

¶8 On October 26, 2007, three years after his conviction, Key filed a *pro se* motion for postconviction relief pursuant to WIS. STAT. § 974.06, in which he argued that he received ineffective assistance of both trial and postconviction counsel. The circuit court denied his motion, and Key appealed. Counsel hired to handle Key's appeal of his first § 974.06 motion moved to have the appeal voluntarily dismissed after determining that there was additional information that needed to be brought to the circuit court's attention, and the motion was granted, resulting in the dismissal of Key's appeal on September 29, 2008.

¶9 On December 20, 2018, roughly ten years later, new counsel for Key filed a second motion, which underlies this appeal, seeking a new trial pursuant to WIS. STAT. § 974.06, in which Key argued that he received ineffective assistance of trial and postconviction counsel and that newly discovered evidence in the form of two affidavits from two of Key's fellow inmates required a new trial.

¶10 As it relates to his claim for ineffective assistance of counsel, Key argued that his trial counsel was ineffective for failing to hire an expert to rebut the testimony of the State's expert witness regarding the casings and the bullet. Key asserts that the State's expert testified that Key shot first based on a connection

4

between the bullet from the victim and the casings in front of the sandwich shop, which in turn "ruined" Key's defense that Deangelo shot at him first and he shot back at Deangelo in self-defense.

¶11     Key then argued that his postconviction counsel was ineffective for failing to identify this argument and for, instead, challenging his conviction on the basis of the sufficiency of the evidence.  In support of his argument, Key asserted that he could call an expert criminologist, Gregory Martin, to rebut the testimony from the State's expert regarding the bullet casings recovered from the scene.  In particular, in his report, Martin opined that the casings cannot be connected to any particular firearm to a reasonable degree of scientific certainty in the absence of testing using the firearm from which the rounds were fired.  Therefore, according to Martin, the casings here cannot be connected to a Smith & Wesson firearm because no firearms were recovered for testing.

¶12     As it relates to the newly discovered evidence, Key argued that his recent discovery of two fellow prisoners, Calvin Glover and Alexander McGee, who allegedly witnessed the shooting, was newly discovered evidence warranting a new trial.  Key argued this newly discovered evidence warrants a new trial because the evidence supports his claim that Deangelo shot at Key first and Key shot back in self-defense.

¶13     The circuit court denied Key's motion without a hearing.  Key moved for reconsideration, and the circuit court denied that motion as well.  Key now appeals and argues he is entitled to a new trial, or an evidentiary hearing, on the basis that he received ineffective assistance of counsel and that he has newly discovered evidence.

**DISCUSSION**

¶14     A defendant is not automatically entitled to an evidentiary hearing on a postconviction motion.  "A hearing on a postconviction motion is required only when the movant states sufficient material facts that, if true, would entitle the defendant to relief."  *State v. Allen*, 2004 WI 106, ¶14, 274 Wis. 2d 568, 682 N.W.2d 433.  "[I]f the motion does not raise facts sufficient to entitle the movant to relief, or presents only conclusory allegations, or if the record conclusively demonstrates that the defendant is not entitled to relief," the circuit court may deny a postconviction motion without a hearing.  *See id.*, ¶9.  Whether a motion alleges sufficient facts that, if true, would entitle the defendant to an evidentiary hearing presents a question of law that we review de novo.  *See State v. Bentley*, 201 Wis. 2d 303, 310, 548 N.W.2d 50 (1996).  "[A] defendant should provide facts that allow the reviewing court to meaningfully assess his or her claim."  *Id.* at 314.  As stated in *Allen*,

> postconviction motions [should] … allege the five "w's" and one "h"; that is, who, what, where, when, why, and how.  A motion that alleges, within the four corners of the document itself, the kind of material factual objectivity ... will necessarily include sufficient material facts for reviewing courts to meaningfully assess a defendant's claim.

*Id.*, 274 Wis. 2d 568, ¶23 (footnote omitted).

¶15     We conclude that the circuit court properly denied Key's motion based on his claim for ineffective assistance because his claim is procedurally barred.  However, we conclude that Key has alleged sufficient facts to entitle him to a hearing to address his claim of newly discovered evidence because the circuit court improperly based its decision on the credibility of the affidavits Key submitted with his motion.

6

## I. Key's claim of ineffective assistance of counsel is procedurally barred

¶16    "After the time for appeal or postconviction remedy provided in WIS. STAT. § 974.02 has expired, a prisoner in custody under sentence of a court may bring a motion to vacate, set aside, or correct a sentence, utilizing the procedure set out in WIS. STAT. § 974.06." *State v. Balliette*, 2011 WI 79, ¶34, 336 Wis. 2d 358, 805 N.W.2d 334.  "Section 974.06 provides a mechanism for correcting errors when:  (1) the sentence violated the United States or Wisconsin Constitution; (2) the court lacked jurisdiction to impose the sentence; or (3) the sentence exceeded the maximum or was 'otherwise subject to collateral attack.'"  *State v. Romero-Georgana*, 2014 WI 83, ¶32, 360 Wis. 2d 522, 849 N.W.2d 668 (citation omitted). "A claim that trial counsel provided ineffective assistance is a claim that the defendant's sentence was imposed in violation of the constitution." *Balliette*, 336 Wis. 2d 358, ¶34.

¶17    "All grounds for relief" available to a defendant under WIS. STAT. § 974.06(1) must be raised in the "original, supplemental or amended motion."  WIS. STAT. § 974.06(4).  If a defendant filed a previous motion under WIS. STAT. § 974.02, a direct appeal, or a previous motion under § 974.06, "the defendant is barred from making a claim that could have been raised previously unless he shows a sufficient reason for not making the claim earlier." *Romero-Georgana*, 360 Wis. 2d 522, ¶35; *see also State v. Escalona-Naranjo*, 185 Wis. 2d 168, 181-82, 517 N.W.2d 157 (1994) ("[I]f the defendant's grounds for relief have been finally adjudicated, waived or not raised in a prior postconviction motion, they may not become the basis for a [§] 974.06 motion.").

¶18    "Whether a defendant's appeal is procedurally barred is a question of law that we review *de novo*." *State ex rel. Washington v. State*, 2012 WI App 74,

¶27, 343 Wis. 2d 434, 819 N.W.2d 305. Similarly, "[w]hether a WIS. STAT. § 974.06 motion alleges a sufficient reason for failing to bring available claims earlier is a question of law subject to de novo review." *Romero-Georgana*, 360 Wis. 2d 522, ¶30.

¶19 Before filing the WIS. STAT. § 974.06 motion that we address on appeal, Key's postconviction counsel filed a direct appeal challenging the sufficiency of the evidence and Key filed his first § 974.06 motion *pro se*, alleging that both his trial and postconviction counsel were ineffective. His current claims of ineffective assistance of trial and postconviction counsel are, therefore, barred unless Key has a sufficient reason for not raising this claim in either his direct appeal or his first § 974.06 motion. *See Escalona-Naranjo*, 185 Wis. 2d at 181-82.

¶20 Key argues that his *pro se* status in his first WIS. STAT. § 974.06 motion is a sufficient reason for his failure to bring his current claims in his first § 974.06 motion. He reasons that, as a *pro se* defendant, he was not fully aware of his legal arguments and he should not, in the interests of justice, be barred for his failure to bring his claim in his first motion. Such an argument asks that we conclude that Key's self-representation was ineffective for his own failure to raise his current argument earlier, but Key cannot argue that he himself was ineffective. *See Faretta v. California*, 422 U.S. 806, 834 n.46 (1975) ("[A] defendant who elects to represent himself cannot thereafter complain that the quality of his own defense amounted to a denial of 'effective assistance of counsel.'"). We, therefore, conclude that Key's current claim of ineffective assistance of counsel is barred by his failure to bring it in his first § 974.06 motion.

¶21 Even if Key's claim was not barred for failing to raise it in his first WIS. STAT. § 974.06 motion, he is nonetheless barred for failing to raise his claim

on direct appeal. In an effort to surmount this bar, Key argues that the ineffective assistance of postconviction counsel on his direct appeal is a sufficient reason for his failure to bring his claim for ineffective assistance of trial counsel earlier and his argument now is clearly stronger than the one that his postconviction counsel brought.

¶22    "Under the Sixth and Fourteenth Amendments to the United States Constitution, a criminal defendant is guaranteed the right to effective assistance of counsel." *Balliette*, 336 Wis. 2d 358, ¶21. A defendant must show two elements to establish that his or her counsel's assistance was constitutionally ineffective: (1) counsel's performance was deficient; and (2) the deficient performance resulted in prejudice to the defense. *Id.* "In some instances, ineffective assistance of postconviction counsel may be a sufficient reason for failing to raise an available claim in an earlier motion or on direct appeal." *Romero-Georgana*, 360 Wis. 2d 522, ¶36. "An allegation that postconviction counsel failed to bring a claim that should have been brought is an allegation that counsel's performance was constitutionally deficient, that it fell below the services required by an objective standard of reasonableness under prevailing professional norms." *Id.*, ¶43. "[A] defendant who alleges in a [WIS. STAT.] § 974.06 motion that his postconviction counsel was ineffective for failing to bring certain viable claims must demonstrate that the claims he wishes to bring are clearly stronger than the claims postconviction counsel actually brought." *Id.*, ¶4.

¶23    In this case, Key argues that his trial counsel was ineffective for failing to retain an expert and this argument is clearly stronger than the claim that his postconviction counsel brought on direct appeal challenging the sufficiency of the evidence. We disagree. Key's argument that trial counsel was ineffective for failing to retain an expert is meritless and, therefore, cannot be said to be clearly

stronger than the argument that his postconviction counsel chose to bring on direct appeal challenging the sufficiency of the evidence to support his conviction. *See State v. Ziebart*, 2003 WI App 258, ¶15, 268 Wis. 2d 468, 673 N.W.2d 369 ("[T]o establish that postconviction or appellate counsel was ineffective, a defendant bears the burden of proving that trial counsel's performance was deficient and prejudicial.").

¶24 Key argues that his trial counsel was ineffective for failing to retain an expert to rebut testimony from the State's expert that Key fired first, but contrary to Key's characterization of the testimony, the State's expert never actually testified that Key fired first. Rather, the expert testified that he examined the casings left at the scene of the shooting and was able to determine that the marks on the casings found in front of the sandwich shop had characteristics similar to those made by nine-millimeter caliber semiautomatic pistols manufactured by Smith & Wesson. He then testified that the markings on the bullet recovered from Vann also had characteristics that were similar to those made by nine-millimeter caliber semiautomatic pistols manufactured by Smith & Wesson. At most, this testimony connected the bullet from the victim to the casings directly in front of the sandwich shop. Further, in his postconviction motion, Key stated that Martin "could not say who may have fired the first shot." We cannot conclude that Key's trial counsel performed deficiently for failing to retain an expert who could rebut an opinion that does not exist.

¶25 We similarly cannot conclude that Key was prejudiced by the lack of an expert to opine that the casings and the bullet cannot be matched to any brand of firearm to any reasonable degree of scientific certainty. Prejudice occurs when the attorney's error is of such magnitude that there is a "reasonable probability" that but for the error the outcome would have been different. *State v. Erickson*, 227 Wis. 2d

758, 769, 596 N.W.2d 749 (1999). "Stated differently, relief may be granted only where there 'is a probability sufficient to undermine confidence in the outcome,' i.e., there is a 'substantial, not just conceivable, likelihood of a different result.'" *State v. Starks*, 2013 WI 69, ¶55, 349 Wis. 2d 274, 833 N.W.2d 146 (quoting *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011)), *abrogated on other grounds by State ex rel. Warren v. Meisner*, 2020 WI 55, 392 Wis. 2d 1, 944 N.W.2d 588.

¶26 Assuming any error on trial counsel's part, we cannot conclude that our confidence in the outcome is undermined by Key's proffered expert testimony. The expert testimony that Key now offers does not directly contradict the testimony of the State's expert. As noted, the State's expert did not offer an opinion regarding which gun was fired first, nor that Key fired first. Further, Key's expert does not offer an opinion regarding which gun was fired first, nor that Key did not fire first. Key's expert also does not offer an opinion that would change the facts that Deangelo and his girlfriend testified that Key fired shots first, that Key testified on his own behalf that Deangelo fired shots first, and that the jury chose to believe the testimony from Deangelo and his girlfriend that Key fired shots first. The jury, at trial, heard from the witnesses to the shooting to both the theory that Key fired first and that Deangelo fired first. Therefore, we cannot conclude that there is a likelihood of a different result from a new trial given the amount and nature of witness testimony from which the jury could reasonably have rejected Key's testimony that he only fired back at Deangelo in self-defense.

¶27 Because we conclude that trial counsel was not ineffective, we must necessarily conclude that postconviction counsel was not ineffective for failing to raise the argument that Key now makes. *See Ziebart*, 268 Wis. 2d 468, ¶15 ("[T]o establish that postconviction or appellate counsel was ineffective, a defendant bears

the burden of proving that trial counsel's performance was deficient and prejudicial."). Accordingly, Key's argument that he raises now is not clearly stronger than the one actually raised by postconviction counsel on direct appeal and Key's claim for ineffective assistance of trial and postconviction counsel is procedurally barred.

## II. The circuit court erred by assessing the credibility of Key's newly discovered evidence without an evidentiary hearing

¶28 The decision to grant a motion for a new trial based on newly discovered evidence is committed to the circuit court's discretion. *State v. Avery*, 2013 WI 13, ¶22, 345 Wis. 2d 407, 826 N.W.2d 60. We review the circuit court's determination for an erroneous exercise of discretion. *See id.* A circuit court erroneously exercises its discretion when it applies an incorrect legal standard to newly discovered evidence. *See State v. McCallum*, 208 Wis. 2d 463, 474, 561 N.W.2d 707 (1997). Furthermore, we do not set aside the circuit court's finding of fact unless clearly erroneous. *See* WIS. STAT. § 805.17(2) (made applicable to criminal proceedings by WIS. STAT. § 972.11(1)).

¶29 To be entitled to a new trial based on newly discovered evidence "a defendant must prove: '(1) the evidence was discovered after conviction; (2) the defendant was not negligent in seeking the evidence; (3) the evidence is material to an issue in the case; and (4) the evidence is not merely cumulative.'" *State v. Plude*, 2008 WI 58, ¶32, 310 Wis. 2d 28, 750 N.W.2d 42 (citation omitted). "If the defendant is able to prove all four of these criteria, then it must be determined whether a reasonable probability exists that had the jury heard the newly[]discovered evidence, it would have had a reasonable doubt as to the defendant's guilt." *Id.*

¶30 "A reasonable probability of a different result exists if there is a reasonable probability that a jury, looking at both the old and the new evidence, would have a reasonable doubt as to the defendant's guilt." *Avery*, 345 Wis. 2d 407, ¶25. "A court reviewing the newly discovered evidence should consider whether a jury would find that the evidence 'had a sufficient impact on other evidence presented at trial that a jury would have a reasonable doubt as to the defendant's guilt.'" *Id.* (citation omitted). "This latter determination is a question of law." *Plude*, 310 Wis. 2d 28, ¶33.

¶31 Key argues that the affidavits from Glover and McGee constitute newly discovered evidence entitling him to a new trial or, in the alternative, to an evidentiary hearing. We conclude that Key has alleged sufficient facts in his motion that, when taken as true, entitle him to a hearing on his claim of newly discovered evidence and that the circuit court improperly assessed the credibility of the affidavits from Glover and McGee without a hearing.

¶32 In its decision and order denying Key's motion for a new trial, the circuit court found it to be "truly an amazing coincidence" that Key would find "two buddies in prison together" who would be able to provide affidavits of just the right facts that Key needed to support his version of events. The circuit court went on to find that the affidavits were "untrustworthy for more than one reason (for starters, they were signed twelve years after the shooting)." Thus, the circuit court found that "[t]here is not a reasonable probability that a jury who was not persuaded by the defendant's version of events would believe two persons who wafted out of the prison library twelve years later following a discussion with the defendant about the crime." The circuit court stated, "The two affidavits shake the foundations of credibility to the breaking point."

13

¶33 However, at this stage of the proceedings, the question before us is whether Key has alleged sufficient facts which, if true, entitle him to relief. Whether the affidavits submitted by Key are credible "is not relevant for our purposes here," because whether Key is entitled to an evidentiary hearing on his motion must be decided based on the premise that the allegations in the affidavits "must be accepted as true." *See State v. Love*, 2005 WI 116, ¶54, 284 Wis. 2d 111, 700 N.W.2d 62. "[T]he court is not to base its decision solely on the credibility of the newly discovered evidence, unless it finds the new evidence to be incredible." *Avery*, 345 Wis. 2d 407, ¶25. The circuit court here, though, based its entire decision on the credibility of the affidavits from Glover and McGee and found the affidavits to be incredible. Given that a similar affidavit years after a defendant's conviction was considered sufficient for a hearing, *Love*, 284 Wis. 2d 111, ¶55, the circuit court is not permitted to deny an evidentiary hearing on the ground that the affidavits here are incredible. Moreover, "[t]he general rule is that credibility determinations are resolved by live testimony." *Id.*, ¶42. We see no reason why this general rule should not apply here.

¶34 In his affidavit, Glover avers that he was at the sandwich shop around 1:40 a.m. in the summer of 2004 when he saw a "commotion." He further avers that he "saw this dude shoot 2-3 times towards a car" that was traveling west on North Avenue towards Teutonia. He avers that he "then saw someone in the car return fire." McGee provides a similar affidavit in which he avers that he witnessed a shooting at a sandwich shop around 1:40 a.m. in 2004. He avers that he "saw a dude in front of the [sandwich] shop begin to open fire toward the car that went past the [sandwich] shop." He further avers that he "then saw someone in the car that rode past return fire toward the [sandwich] shop." Taking these affidavits as true,

14

as we must, we conclude that Key has satisfied the requirements to warrant a hearing on his claim of newly discovered evidence.

¶35     The State argues that, in light of the overwhelming evidence presented at trial that Key was the first person to shoot, the affidavits do not result in a reasonable probability of a different result.  While that may ultimately be the case depending on the results of an evidentiary hearing, the circuit court failed to weigh the old and new evidence to make this determination and instead based its decision solely on its perception of the credibility of the affidavits.  "That is not the appropriate standard."  *McCallum*, 208 Wis. 2d at 474.  We, accordingly, remand for a hearing to address Key's newly discovered evidence.

### CONCLUSION

¶36     We conclude that Key's argument regarding ineffective assistance of counsel is procedurally barred and we, therefore, affirm that part of the circuit court's decision denying Key's motion without a hearing.  However, we conclude that the circuit court improperly assessed the credibility of the affidavits that Key submitted with his motion.  We, therefore, reverse that part of the circuit court's decision denying Key's motion without a hearing and remand for the circuit court to conduct a hearing on Key's newly discovered evidence.

    *By the Court.*—Orders affirmed in part; reversed in part and cause remanded with directions.

    This opinion will not be published.  *See* WIS. STAT. RULE 809.23(1)(b)5.

15